IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MARVIN EUGENE GATES, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-562 |
| WARDEN CHRISTOPHER NORSWORTHY | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Marvin Eugene Gates, Jr., a prisoner confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Christopher Norsworthy, the warden of the Stiles Unit.

This action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff filed a motion for preliminary injunction and temporary restraining order. This Report and Recommendation considers the merits of the motion.

Factual Background

Plaintiff contends that he attempted to file a class action lawsuit in Jefferson County, Texas. Plaintiff mailed the lawsuit to the Clerk of Jefferson County in July of 2022. Two weeks later, Plaintiff sent additional exhibits, but they were returned to him because the Clerk had not received the lawsuit. Plaintiff reported the issue with the mail to a prison official, but he never received a response to his inquiry.

Discussion

A party seeking a temporary restraining order or preliminary injunction must establish the following elements: (1) there is a substantial likelihood the party will prevail on the merits; (2) a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendants; and (4) the granting of the preliminary injunction will not disserve the public interest. *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991). Relief should be granted only if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Black Fire Fighters Ass'n v. City of Dallas*, 905 F.2d 63, 64 (5th Cir. 1990).

Plaintiff filed a motion for temporary restraining order and preliminary injunction to prevent prison officials from interfering with his litigation. In this case, Plaintiff has not demonstrated that there is a substantial threat of irreparable harm if injunctive relief is not granted. There is no indication that the defendant has interfered with Plaintiff's access to the courts. To the contrary, Plaintiff was able to file this action and comply with the deadlines. Therefore, his motion for injunctive relief should be denied.

Recommendation

Plaintiff's motion for a preliminary injunction and a temporary restraining order should be denied.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 1st day of May, 2023.

_____
Zack Hawthorn
United States Magistrate Judge